FILED
2011 Nov-04  AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SONYA SANDERS, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 2:11-CV-02079-RDP** |
| ) | |
| COMPASS GROUP USA INC., d/b/a ) | |
| Eurest Dining Services, ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

The court has before it Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. # 9) and Memorandum of Law in Support of its Motion (Doc. # 10), filed on July 22, 2011. Plaintiff filed her response (Doc. # 14) on August 15, 2011, and Defendant filed its reply (Doc. # 16) on August 26, 2011. Having considered the briefs and evidentiary submissions, the court finds that Defendant's Motion to Dismiss (Doc. # 9) is due to be granted for the reasons set out below.

## I.    BACKGROUND

On January 24, 2010, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") discrimination and retaliation charge against Defendant Compass Group USA, Inc., her former employer. (Doc. # 1 at 1-2, 5). In her charge, Plaintiff reported that the date of the latest incident of discrimination occurred on July 18, 2008. (*Id*. at 5). The EEOC received Plaintiff's charge on January 26, 2010 (*id*.), and issued her notice of her right-to-sue letter, titled "Dismissal and Notice of Rights," on March 16, 2011 (*id*. at 1-2, 7). Plaintiff filed her complaint in this court on June 14, 2011, alleging that Defendant discriminated against her by failing to pay her for overtime work and retaliated against her by firing her for complaining about her unpaid overtime. (*Id*. ¶¶ 1-

17).  Plaintiff asserts that these actions constitute violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Fourteenth Amendment of the United States Constitution, and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).  (*Id.* ¶¶ 1-5).  In Plaintiff's complaint, she avers that her discrimination claim is based on race and sex, (*id.* ¶ 5), but the charge of discrimination she filed with the EEOC lists only race as a basis for her discrimination claim, (*id.* at 5).

Plaintiff's claims arise out of overtime wages she asserts were missing from the paycheck she received on July 16, 2008.  (*Id.* ¶¶ 6-7).  On that day, Plaintiff asked her supervisor why her overtime wages were not included in her paycheck, and was told that she would not receive overtime.  (*Id.* ¶ 8).  Several other employees also confronted the supervisor about not receiving overtime payment.  (*Id.* ¶ 9).  Soon thereafter, the supervisor informed Plaintiff that he had made a mistake and her next paycheck would include the overtime compensation.  (*Id.* ¶ 9).  Two days later, at the end of Plaintiff's shift, Plaintiff was terminated from her job and was told it was due to a customer complaint.  (*Id.* ¶ 10).  Plaintiff alleges she was fired in retaliation for announcing that she planned to report her missing overtime wages to the EEOC.  (*Id.* ¶ 14).

Defendant filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a claim.  (Doc. # 9 at 1).  For purposes of this motion, Defendant agrees with Plaintiff's recitation of the facts.  (Doc. # 10 at 2).  Defendant argues that Plaintiff did not timely file her charge of discrimination with the EEOC because she filed it over five hundred and fifty (550) days after the alleged discriminatory conduct occurred.  (Docs. # 9 at 1-2; # 10 at 2).  As a result, Defendant argues, her Title VII discrimination claims are barred.  (Doc. # 9 at 2.)  Defendant also argues that because Plaintiff did not include allegations of sex discrimination in her charge of discrimination (Doc. # 1 at 5), she failed to exhaust her administrative remedies for her sex

discrimination claim. (Docs. # 9 at 2 and # 10 at 2). Further, Defendant contends that Plaintiff did not allege facts to support the elements of her claims under the EPA or the Fourteenth Amendment. (Doc. # 1 at 9).

In Plaintiff's Response to Defendant's Motion to Dismiss, Plaintiff only discusses her Title VII claims and does not address Defendant's arguments about her EPA and Fourteenth Amendment claims. First, Plaintiff asserts that the attachments to her response -another copy of the EEOC Dismissal and Notice of Rights, the EEOC Case Log, and the EEOC Charge Detail Inquiry- demonstrate that she timely filed her charge with the EEOC. (Doc. # 14 at 1, 3-6). Plaintiff provides no further explanation in support of this argument. The Charge Detail Inquiry indicates that the date of Plaintiff's initial inquiry with the EEOC was July 30, 2008 and that the EEOC received Plaintiff's Intake Questionnaire on August 8, 2008. (*Id*. at 5). The Case Log, which is handwritten and difficult to read, reveals that Plaintiff's charge was mailed on January 19, 2010. (*Id*. at 4). Next, Plaintiff claims she "mistakenly used the 'received' date shown on her EEOC charge of [d]iscrimination in stating when the charge was originally filed" and insists that the January 26, 2010 date on the EEOC charge has no significance. (*Id*. at 1-2). This assertion is confusing, as she originally alleged that she filed her EEOC charge on January 24, 2010 (Doc. # 1 ¶ 4), the date on which she signed the charge (Doc. # 1 at 5). Plaintiff did not endeavor to explain this assertion in her response.[1]

---

[1] Although Defendant has not asserted otherwise, Plaintiff argues that she timely filed this lawsuit within the ninety (90) day period following her receipt of the Dismissal and Notice of Rights from the EEOC. (Doc. # 14 at 1); (*see* Doc. # 1 at 7). She states that the EEOC was late in issuing Plaintiff's right-to-sue letter, but the ninety (90) day period for her to file her lawsuit did not begin until this letter was issued. (Doc. # 14 at 1-2). Plaintiff's statement is incorrect. The statute of limitations for the filing of a lawsuit after receipt of a right-to-sue letter begins upon the party's receipt of the right-to-sue letter. (Doc. # 1 at 7).

In its reply, Defendant reiterates that Plaintiff's filing was outside the 180-day time period for filing a charge, and that Plaintiff's communications with the EEOC cannot take the place of the timely filing of a charge of discrimination.  (*Id*. at 2).  Defendant attached a copy of Plaintiff's Intake Questionnaire to its reply and an affidavit from an attorney for Defendant swearing that the Questionnaire is an accurate copy.  (*Id*., Ex. A).[2]  The Questionnaire contains Plaintiff's description of the allegedly discriminatory conduct.  (*Id*., Ex. A at 4-9).  Defendant concedes that an intake questionnaire can be deemed the equivalent of a charge of discrimination if it meets certain requirements, but argues that Plaintiff's Questionnaire does not satisfy these requirements.  (*Id*. at 3-5).  Most importantly, Defendant points out that the Questionnaire is not verified under oath and thus cannot constitute a formal charge of discrimination.  (*Id*. at 4 and Ex. A).

## II.      STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Having said that, the complaint must include enough facts "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Pleadings that

---

[2] Generally, on a motion to dismiss, if "matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  The Eleventh Circuit has articulated a qualification to this rule when certain documents and their contents are undisputed.  *Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).  "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged," *i.e.* it is undisputed.  *Id*. (citations omitted); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (stating that "a document central to the complaint that the defense appends to its motion to dismiss is properly considered, provided that its contents are not in dispute").  Plaintiff has not disputed the Intake Questionnaire.  Further, considering that Plaintiff relies on other EEOC documents for her argument and that a verified intake questionnaire may serve as a timely filed charge, the court finds the questionnaire is central to Plaintiff's claims.  Accordingly, the court properly considers the Intake Questionnaire.

The court notes that even though Plaintiff has not argued that the Intake Questionnaire constitutes a charge, the court is compelled to review the Questionnaire out of an abundance of caution and considering Plaintiff's pro se status.

contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.  In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id*

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard.  First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal*, 129 S. Ct. at 1950.  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  Application of the facial plausibility standard involves two steps.  Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts.  That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer

more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Id.*

Although courts liberally construe the pleadings of *pro se* litigants, they are still required to "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The leniency afforded pro se litigants "does not give a court license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

## III.   DISCUSSION

### A.      Whether Plaintiff Timely Filed her Charge of Discrimination with the EEOC

To bring suit under Title VII, a plaintiff must first exhaust her administrative remedies. *H&R Block E. Enters., Inc. v. Morris*, 606 F.3d 1285, 1295 (11th Cir. 2010). In doing so, a plaintiff in Alabama must file a formal charge of discrimination with the EEOC within 180 days after the date of the last allegedly discriminatory act. 42 U.S.C. § 2000e-5(e)(1); *Ledbetter v. Goodyear Tire and Rubber Co., Inc.*, 421 F.3d 1169, 1178 (11th Cir. 2005) (noting that Alabama is a non-deferral state). The filing of a charge commences "an integrated, multi-step enforcement procedure" enabling the EEOC to detect and remedy discriminatory conduct. *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1238-1239 (11th Cir. 2004) (citing *E.E.O.C. v. Shell Oil Co.*, 466 U.S. 54, 62 (1984)). The EEOC promptly informs the employer that a charge has been filed against it and the EEOC investigates the charge. *Id.* (citing *Shell Oil*, 446 U.S. at 63). It is well-established that a charge must be verified, *i.e.*, in writing under oath or affirmation, to support claims arising from the charge. § 2000e-5(b);

29 C.F.R. § 1601.9; *see Vason v. City of Montgomery, Ala.*, 240 F.3d 905, 907 (11th Cir. 2001) (holding that the verification requirement is mandatory).

"[A]n intake questionnaire is not intended to function as a charge . . . ." *Pijnenburg v. West Ga. Health Sys., Inc.*, 255 F.3d 1304, 1305 (11th Cir. 2001). Under certain circumstances, however, the EEOC intake questionnaire may be deemed the equivalent of a charge for purposes of the Title VII statute of limitations. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1321 (11th Cir. 2001). The Eleventh Circuit has held that, for these purposes, "a verified intake questionnaire that includes the basic information suggested by 29 C.F.R. § 1601.12(a) may constitute a charge . . . when the circumstances of the case would convince a reasonable person that the charging party manifested her intent to activate the administrative process by filing the intake questionnaire with the EEOC." *Id.* Factors relevant to the inquiry of whether an intake questionnaire can function as a charge include the EEOC's communications with the plaintiff, what the questionnaire itself indicated, and the EEOC's response to the completed questionnaire. *Wilkerson*, 270 F.3d at 1320; *see Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 836 (11th Cir. 2007) (concluding the pro se plaintiff did not file a valid charge with the EEOC where plaintiff filed the charge more than 180 days after the date of the discriminatory conduct, submitted an EEOC log, and did not argue that he had filed a questionnaire which constituted a charge). In one instance, an intake questionnaire was considered verified where a plaintiff's signature on the questionnaire followed a declaration "swear[ing] or affirm[ing] under penalty of perjury that the provided information [was] truthful and correct to the best of her knowledge." *Wilkerson*, 270 F.3d at 1317. Notably, the Eleventh Circuit warned that the circumstances permitting an intake questionnaire to constitute a charge are "exceptional," *Bost*, 372

at 1240, and that it "will not treat intake questionnaires willy-nilly as charges," *Wilkerson*, 270 F.3d at 1320.

Here, Plaintiff filed her discrimination charge based on race and retaliation with the EEOC on January 24, 2010 (Doc. #1 at 1-2, 5),[3] and disclosed that the last incident of discrimination occurred on July 18, 2008 (Doc. # 1 at 5). By filing her EEOC charge over a year and a half after the last discriminatory act, past the 180-day deadline, Plaintiff did not timely file her race discrimination charge with the EEOC. Accordingly, the claims asserted in her EEOC charge are barred. *See* § 2000e-5(e)(1); *Ledbetter.*, 421 F.3d at 1178.

Plaintiff has not argued that the Intake Questionnaire should serve as a formal charge. Indeed, Defendant submitted the Questionnaire to the court and Plaintiff has yet to address it. Nonetheless, the court has evaluated whether the Questionnaire may serve as a formal charge. The Questionnaire contains Plaintiff's signature, but is not verified under oath or affirmation. (Doc. # 16, Ex. A at 9). Plaintiff's questionnaire cannot serve as the equivalent to a formal charge because the questionnaire is not verified. *See Wilkerson*, 270 F.3d at 1321; *see* § 2000e-5(b) (requiring a charge to be "in writing under oath or affirmation"); § 1601.9 (requiring a charge to be verified). Moreover, to the extent Plaintiff refers to the EEOC Case Log and Charge Detail Inquiry to support an argument that these documents can function as a charge, she presents no support for this proposition and it is not clear that these documents may serve as a charge. *See Rizo*, 228 F. App'x at 836. Nonetheless, these documents are not verified and cannot serve as a charge-equivalent. *See*

---

[3] In Plaintiff's response, it appears Plaintiff may have tried to argue that January 24, 2010 was not the date on which she filed her charge with the EEOC. (*See* Doc. # 14 at 1). Still, Plaintiff does not refute this date, only discusses the "received" date of January 26, 2010 stamped on the charge, and does not offer a different date or provide any support for a different date. Aside from Plaintiff's ambiguous response, there is no evidence or argument to refute that she filed her charge on January 24, 2010.

*Wilkerson,*, 270 F.3d at 1321; *Rizo*, 228 F. App'x at 836.  The claims alleged in Plaintiff's untimely-filed EEOC charge are thus due to be dismissed.

### B.      Whether Plaintiff's Sex Discrimination Claim Is Beyond the Scope of her EEOC Charge

"No action alleging a violation of Title VII may be brought unless the alleged discrimination has been made the subject of a timely-filed EEOC charge." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1332 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc); *see* § 2000e-5.  "A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mulhall v. Advance Sec., Inc.*, 19 F.3d 586, 589 n.8 (11th Cir. 1994) (citations omitted).  Plaintiffs cannot allege new acts of discriminations not alleged in the charge with the EEOC. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279-1280 (11th Cir. 2004) (citations omitted).  Nevertheless, courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]." *Gregory*, 355 F.3d at 1280 (citations omitted).  A plaintiff's failure to check a box for a specific claim on the EEOC charge does not automatically bar that claim if the facts alleged in the EEOC charge "could have reasonably been extended to encompass" the specific claim and the EEOC would have considered the claim during its investigation. *Gregory*, 335 F.3d at 1280 (holding that plaintiff's failure to mark the box for retaliation in the EEOC charge did not bar the retaliation claim because the description of the charge reasonably covered a retaliation claim).

Plaintiff asserts a Title VII discrimination claim based on sex, and alleges that she properly filed an EEOC charge encompassing this claim and received a right-to-sue letter related to this

charge.  (Doc. # 1 ¶ 5 and at 1-2).  Plaintiff, however, did not check the box for sex discrimination on her EEOC charge.  (*Id*. at 5).  A review of the charge demonstrates that this is not merely a situation where Plaintiff simply missed a box on the charge form; in her description of her claims in the charge, Plaintiff only asserted that she was discriminated against based on her race.  (*Id*.)  In the charge, Plaintiff refers to her sex once when identifying herself as a "Black female." (*Id*.)  There is no claim of (or even reference to) sex discrimination in Plaintiff's charge.  Therefore, a sex discrimination claim cannot reasonably be expected to grow from Plaintiff's allegations of race discrimination in her EEOC charge.  Plaintiff has failed to exhaust her administrative remedies with respect to her sex discrimination claim and this claim is due to be dismissed.

Lastly, even if Plaintiff had properly alleged a sex discrimination claim in her EEOC charge, her claim would still fail in any event because Plaintiff did not timely file her EEOC charge, as previously discussed.  *See supra* Part III.A.

### C.     Whether Plaintiff Failed to State Claims under the EPA and the Fourteenth Amendment

#### 1.     EPA Claims

The EPA precludes an employer from discriminating between employees based on sex by paying them different salaries for the same work.  29 U.S.C. § 206(d)(1).[4]  To establish a prima facie case under the EPA, a plaintiff must show that her employer "pays different wages to employees of opposite sexes 'for equal work on jobs . . . [requiring] equal skill, effort, and responsibility, and which are performed under similar working conditions."  *Irby v. Bitick*, 44 F.3d 949, 953 (11th Cir. 1995) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)); § 206(d)(1).  The

---

[4] There are four exceptions to this provision, which are not relevant here.  *See* § 206(d)(1).

plaintiff "need only show discrimination in pay against an employee vis-a-vis one employee of the opposite sex." *Mitchell v. Jefferson Cnty. Bd. of Educ.*, 936 F.2d 539, 547 (11th Cir. 1991) (citations omitted). To survive a motion to dismiss, a plaintiff must at least allege facts regarding the differences in pay or benefits of the plaintiff's co-workers based on sex. *See Boatwright v. OMI, Inc.*, 2006 WL 2523110, at *3 (M.D. Ga. Aug. 29, 2006) (dismissing plaintiff's EPA claim for failure to state a claim because Plaintiff "does [not] allege any differences in pay or benefits based on gender . . . [and] fails to make reference to gender at all" in the complaint); *see also Ezekiel v. Tift Cnty. Sch. Dist.*, 2010 WL 431977, at *3 (M.D. Ga. Feb. 1, 2010) (finding plaintiff did not meet the pleading requirements under Rule 8(a)(2) because she did not allege the time period during which the alleged discrimination occurred, her salary and those of her male colleagues, or whether her male colleagues performed jobs requiring equal skill, effort, or responsibility, or worked under similar conditions).

In Plaintiff's complaint, she asserts that she is suing for a violation of the EPA, but does not further address her claim under the EPA or provide any factual support for it. Plaintiff has not alleged that male employees performing the same work as she were paid at a different rate. *See Irby*, 44 F.3d at 953. Although Plaintiff discusses other employees who were similarly deprived of overtime wages, she does not mention their sex nor address whether they were paid at a different rate than she was. What is more, Plaintiff did not refer to her EPA claim at all in her Response.[5]

---

[5] Plaintiff does not address Defendant's challenge to her EPA claim and therefore waives any argument in response to Defendant's argument. *See Sammons v. Sonic-North Cadillac, Inc.*, 2007 WL 2298032, at *2 n.2 (M.D. Fla. Aug. 7, 2007) (citing *Lekas v. Briley*, 405 F.3d 602, 614-615 (7th Cir. 2005)); *see also Irwin v. Miami-Dade Cnty. Pub. Sch.*, 398 F. App'x 503, 505 (11th Cir. 2010) (a *pro se* appellant's "passing reference to an issue and fail[ure] to argue it on the merits" waives the issue) (citing *Farrow v. West*, 320 F.3d 1235, 1242 n.10 (11th Cir. 2003)).

Plaintiff's conclusory assertions are simply not sufficient to state a plausible claim for relief, and Plaintiff's EPA claim is therefore due to be dismissed.  *See Twombly*, 550 U.S. at 557.

### 2.   Fourteenth Amendment

"The Fourteenth Amendment . . . do[es] not apply to private parties unless those parties are engaged in activity deemed to be 'state action.'" *NBC, Inc., v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)); *see* U.S. Const. Amend. XIV, § 1 (providing the Fourteenth Amendment precludes *States* from abridging the privileges or immunities of citizens, denying persons due process of law, and denying persons equal protections).  "[T]he Supreme Court has repeatedly stated that private action is immune from the restrictions of the [F]ourteenth [A]mendment."  *Ass'n for Children for Enforcement of Support, Inc. v. Conger*, 899 F.2d 1164, 1166 (11th Cir. 1990) (citing *Jackson*, 418 U.S. at 349).  A plaintiff cannot successfully plead a Fourteenth Amendment claim absent an allegation of state action.  *Farese v. Scherer*, 342 F.3d 1223, 1233 n.13 (11th Cir. 2003) (affirming district court's dismissal of plaintiff's Fourteenth Amendment claim because plaintiff failed to allege state action).

It appears that Plaintiff has attempted to plead a due process claim under the Fourteenth Amendment.  (*See* Doc. # 1).  Aside from the mere assertion that Plaintiff is alleging a claim under the Fourteenth Amendment, Plaintiff does not refer to this claim or provide factual support for it. Absent any evidence of or allegation that Defendant was engaged in state action, Plaintiff cannot assert a Fourteenth Amendment claim against Defendant, a private corporation, and her claim under the Fourteenth Amendment accordingly must be dismissed.  *See NBC, Inc.*, 860 F.2d at 1024; *Farese*, 342 F.3d at 1233 n.13.  Even if Plaintiff could assert a Fourteenth Amendment claim against

12

Defendant, Plaintiff's claim under the Fourteenth Amendment still fails because her claim is nothing more than a naked assertion without factual allegations, which requires dismissal of the claim. *See Twombly*, 550 U.S. at 557.

**IV.    CONCLUSION**

For the reasons discussed above, the court concludes that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. # 9) is due to be granted.  An order consistent with this Memorandum Opinion will be entered separately.

**DONE** and **ORDERED** this ____4th____ day of November, 2011.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE